Common Pleas Court of Hamilton County.

THEOBALD FELSS V. DAVID S. SCHULKIND.

Decided February 14, 1933.

*G. F. Osler,* for plaintiff.

*Phineas S. Phillips,* for defendant.

DARBY, J.

This is an action to recover possession of property leased by plaintiff to the principal defendant upon a claim that the lessee or those claiming under him have forfeited their rights under the lease, and the included option to purchase the premises.

The lease is the ordinary long form of lease, and runs for ten years from May 1, 1928 to April 30, 1938 at a stipulated rental payable monthly—

"subject to quarterly rebates commencing August 1, 1928 as set out below."

The following privilege of purchase is in the lease:

"And the lessor, for himself and for his heirs, executors, administrators, successors and assigns, covenant and agree to and with the said lessee, his heirs and assigns, that paying the rents and performing the covenants aforesaid, they shall and may peaceably and quietly have and enjoy the said premises, with the appurtenances, for and during the term aforesaid, free from any let or hinderance by any person or persons whatsoever claiming under him, subject to right to inspect said premises as set out, and further that (all rents, taxes and assessments being paid and all

covenants being performed by said lessee as herein stipulated) said lessor, his heirs, successors and assigns will, except as to taxes and assessments, convey the said premises to the said lessee, his heirs, successors and assigns, by a good and sufficient deed of general warranty with release of dower, upon the payment during the continuance of this lease, to him or them by said lessee, his heirs or assigns, of the sum of nineteen thousand one hundred and sixty-seven ($19,167.00) dollars as follows:

"A monthly payment of forty-one and sixty-seven hundredths ($41.67) dollars, the first to be made May 1, 1928, and on the first of each month during this lease, and the monthly rentals above provided for shall be reduced quarterly commencing August 1, 1928, in the sum of seventy-three cents per month, and the same reduction or rebate for each succeeding quarter during the continuance of this lease, and the balance of the purchase price to be paid in cash at the end of this lease, to-wit, April 30, 1938, or when option to purchase is exercised if prior to said date.

"Lessee herein shall have the privilege of encumbering by mortgage the within described premises at any time during the existence of this lease, for a sum not exceeding twelve thousand five hundred ($12,500.00) dollars."

It seems clear that it was not the intention of the parties, from the agreement as above stated, to consider the monthly payments (other than the rents) to constitute the exercise of an option to purchase. The stipulation as above set forth was for monthly payments, and the balance due was to be paid in cash at the end of the lease, to-wit, April 30, 1938 "or when option to purchase is exercised if prior to that date," and only then was the property to be conveyed to the lessee.

However, there is another provision of the lease which may settle the rights of the parties.

Though the instrument involved is called a lease, it is a contract, and the parties must be held to be bound by their contract.

The concluding paragraph of the lease deals with the lease and the option, and is as follows:

"Provided, however, and these presents are upon these express conditions, that if at any time the rent *or monthly payments* aforesaid or any part thereof shall be in arrears or unpaid for the space of five days after the same shall

have becomue due and payable, and after demand of payment made personally or on said premises, which demand shall be equally good and effectual, whether made on the day of payment, or at any time thereafter; or, if the said lessee, his heirs, executors, administrators, successors, or assigns shall fail to pay said taxes, rates, charges, and assessments, or any part thereof, as the same shall become payable, or shall fail faithfully to keep and perform any other covenant or agreement herein contained, then, or in either such case, this lease (if the said lessor, his heirs, executors, administrators, successors or assigns so elect) shall cease, determine and be void, and it shall be lawful for him or them to enter upon the said premises with the appertainances, or any part thereof, in the name of the whole, and the same to occupy and repossess as though this demise had not been made *and all monthly payments made on purchase price shall be kept and held by lessor."*

The words "or monthly payments" above are inserted by typewriter, and the same is true of the last clause relating to the retention by the lessor of the monthly payments. If those two inserted clauses were not in this instrument, it would seem clear that there would be no forfeiture of the lease by the failure to continue to make the installment payments on the purchase price.

But those two clauses are in the contract. They may not be disregarded. There is a purpose for their being there. The contract was signed by the lessor and lessee.

Non-payment of "rent *or* monthly payments" gives the lessor his right under the contract to elect to terminate *the lease,* with the proviso that the so-called "monthly payments" be forfeited. Under these terms could it be held that the lessee must be delinquent in *both* respects, before lessor would have the right to terminate the lease? If lessee were delinquent in payment of rents, forfeiture of the lease and the payments might follow. Could he not just as well contract that if he ceased the other payments, he would forfeit all his rights?

It was within the power of the lessee to contract as he did. There is nothing contrary to public policy or good morals in such a contract. He had a right to contract that if he did not pay the rents or continue the payments on the purchase, the lease would be forfeited. He did make

the contract—that is conceded. He now seeks to be relieved from the effect of his contract. Whether he be considered as lessee or purchaser, or both, (were that possible) it was still within his power to agree that if he did not pay his rents as lessee, or the monthly payments as purchaser, that he would relinquish all of his interest under the lease and the option. Since he did that, this court is without power to relieve him from the effect of the contract.

There is no suggestion of mistake or fraud in this case, and no suggestion of reformation. It is evident that the contract expresses the intention of the parties.

It is the opinion of the court that the plaintiff had the right to elect to terminate the lease upon the failure of the assignee of lessee's interest in the lease to pay the rent or the monthly payments on the purchase price.

Common Pleas Court of Montgomery County.

ALICE BONADIO V. ANTHONY BONADIO ET AL.

Decided June 16, 1933.

*Sigler & Denlinger* for plaintiff.
*H. D. Arnovitz* for defendant.